## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

KYEEM KING,

    Plaintiff,

    v.

DETECTIVE JOHN PADDY,

    Defendant.

Civil Action No.:  JRR-26-1275

### MEMORANDUM ORDER

The above-entitled civil rights complaint was filed by self-represented Plaintiff Kyeem King along with a Motion for Leave to Proceed in Forma Pauperis which shall be denied.  ECF No. 2.  Plaintiff also filed a Motion to Supplement Supporting Exhibits offering various documents that he claims prove that Defendant Detective Paddy lied when he applied for warrants in connection with Plaintiff's criminal cases.  ECF No. 4.  Because the complaint will be dismissed for the reasons stated below, the Motion to Supplement will be denied.

Plaintiff is suing Detective John Paddy of the Prince George's County Police for "gross negligence, fraud, malicious prosecution, and a lack of probable cause."  Plaintiff alleges that he was arrested on a false pretense that there was a warrant for him on an violation of probation charge.  ECF No. 1 at 1.  This was done, according to Plaintiff, so that he could be interrogated by detectives about shootings that occurred June 1, 2019.  *Id*.  Plaintiff was subsequently indicted by a grand jury on October 24, 2019.  *Id*.  He states that no preliminary hearing was held. *Id*.  Plaintiff complains that there was insufficient evidence to sustain a conviction on the charges against him because there was no DNA or fingerprints found on the gun at the scene, and no video footage of

the actual shooting; rather, only a "video from a nearby tobacco store showing [Plaintiff] sitting in the back seat of the victims [sic] vehicle with two other individuals." *Id*. at 1-2.

These claims, or some iteration of them, have been raised in civil rights cases by Plaintiff in this Court on at least three prior occasions, *see King v. State of Md.*, Civ. Action DKC-25-2625 (D. Md. 2025); *King v. State of Md.*, Civ. Action JRR-25-2485 (D. Md. 2025); *King v. Prince George's Co. Police Dep't., et al.,* Civ. Action JRR-23-2210 (D. Md. 2023).[1]  The circumstances requiring the dismissal of those cases have not changed because Plaintiff's convictions remain valid.

In case number CT190799X, Plaintiff's second-degree murder conviction along with the related handgun charges remains undisturbed, and his 60-year sentence imposed on November 26, 2024, has not been modified.  Plaintiff's notice of appeal, filed January 6, 2026, was struck by the Prince George's County Circuit Court on February 3, 2026, after Plaintiff failed to respond to the court's January 15, 2026 show cause order that he demonstrate why his notice of appeal should not be stuck as untimely.  Following that order, that Appellate Court of Maryland administratively closed the appeal on February 4, 2026.  *See* https://mdecportal.courts.state.md.us/MDODYSSEYPORTAL/  (last viewed April 24, 2026).

In case number CT191113X, Plaintiff was convicted of two counts of second-degree murder and related handgun charges on May 4, 2022.  On July 4, 2025, the Appellate Court of Maryland vacated the Circuit Court's judgment and remanded the matter for a new trial.  The Supreme Court granted the State's petition for writ of certiorari; the case is pending review in that

---

[1] Currently, Plaintiff has a Petition for Writ of Habeas Corpus concerning case number CT191113X pending before this Court, which is stayed pending exhaustion of state remedies.  *King v. State of Md.*, Civ. Action DKC-25-2088 (D. MD. 2025).

court. *See* https://mdecportal.courts.state.md.us/MDODYSSEYPORTAL/ (last viewed April 24, 2026).

Because Plaintiff's underlying criminal convictions remain valid, he cannot file a civil rights complaint for damages that seeks to undermine the validity of the conviction. *See Heck v. Humphrey,* 512 U. S. 477, 487 (1994) (42 U.S.C. §1983 claims impugning the legality of criminal conviction not cognizable unless conviction is reversed). Further, Plaintiff may not pursue a damages claim for false arrest because his convictions establish as a matter of Maryland law the existence of probable cause, regardless of whether the judgments are later reversed in subsequent proceedings. *See Ghazzaoui v. Anne Arundel Cty.*, 659 F.App'x 731, 733-34 (4th Cir. 2016) (citing *Zablonsky v. Perkins*, 187 A.2d 314, 316 (1963)); *Quecedo v. DeVries*, 321 A.2d 785 (1984). Additionally, a malicious prosecution claim requires in pertinent part that the criminal proceedings terminated in Plaintiff's favor. *See Durham v. Horner*, 690 F.3d 183, 188 (4th Cir. 2012) (quoting *Snider v. Seung Lee*, 584 F.3d 193, 199 (4th Cir. 2009)). Thus, this complaint shall also be dismissed without prejudice.

As expressly advised by this Court in Civil Action JRR-25-2485, Plaintiff will be barred from filing a civil action for damages in forma pauperis absent a showing he is under imminent danger of serious physical injury if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." *See* 28 U.S.C. § 1915(g). Additionally, dismissal with or without prejudice for any of the grounds enumerated in 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) may later be deemed a "strike" under the Act. *Lomax v. Ortiz-Marquez*, 590 U.S.__, 140 S. Ct. 1721, 1724 (2020), *see also* 28 U.S.C. § 1915(g); *Pitts v. South_Carolina*, 65 F.4th 141 (4th Cir. 2023) (holding district court

3

may not, at the time it dismisses a complaint under §1915(e), determine that the dismissal will count as a strike in the future application of § 1915(g)'s three strike rule).  This case is dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

Accordingly, it is this 24th day of April, 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

1.  The complaint IS DISMISSED without prejudice for failure to state a claim;

2.  The Motion to Proceed in Forma Pauperis (ECF No. 2) IS DENIED;

3.  The Motion to Supplement Supporting Exhibits (ECF No. 4) IS DENIED;

4.  The Clerk SHALL MAIL a copy of this Memorandum Order to Plaintiff; and

5.  The Clerk SHALL CLOSE this case.

/S/

_____
Julie R. Rubin
United States District Judge